## No. 738.—The State of Louisiana v. Charles Walker.

It is not necessary in an indictment for larceny of money, to specify the kind or denomination of the gold or silver coin alleged to have been stolen. The simple averment of "money" in such a case will admit proof of the amount. Revised Statutes of 1856, p. 176, § 88

In this case the indictment declares that the accused took money, and that its value was one hundred and fifty dollars: Held—That this averment placed the accused on his guard, and that his plea of guilty admitted the truth of the averments.

APPEAL from the District Court, parish of St. Landry. *King*, J. *George M. Hudspeth*, District Attorney, for the State. *E. T. Lewis*, for defendant and appellant.

Howe, J. The defendant was indicted for the the larceny of "certain money, to wit: One hundred dollars in gold, five dollars in silver, and forty-five dollars in currency, the property of Dr. Allen Bridges."

He pleaded guilty, but before sentence filed a motion in arrest of judgment. The motion was overruled; he was sentenced to imprisonment at hard labor for six months, and has appealed.

He has assigned for error, apparent on the face of the record, that the kind or denomination of the gold or silver money is not described in the indictment; that no value of the articles stolen is alleged or shown; and that "currency" *per se*, is not susceptible of larceny under the laws of Louisiana or the common law.

*First*—It is not necessary in an indictment for larceny of money to specify the kind or denomination of the gold or silver coin, as claimed by appellant. Whatever may have been the rule at common law, it is provided by our statute relative to criminal proceedings that it shall be sufficient to describe such money simply as "money," without specifying any particular coin; and that such allegation as far as regards the description of the property shall be sustained by proof of any amount of coin. Revised Statutes, 1856, p. 176, sec. 88.

*Second*—It is an error on the part of the appellant to say that no value of the articles stolen is alleged or shown. If such allegation and proof be necessary where no distinction is made between grand and petit larceny, (and, as to this, it is unnecessary to express an opinion), the requirements of law are fully met in this case, the

54

defendant was fully placed on his guard, for the indictment declares that he took money, and that its aggregate value was one hundred and fifty dollars, and his plea of guilty admits the truth of these averments.

*Third*—It is unnecessary to pass on the third point that " currency " .is not a subject of larceny. The averments and plea relative to the gold and silver money sufficiently sustain the sentence imposed by the court *a qua.*

Judgment affirmed.